UNITED STATES of America, Appellee,

v.

Michael L. JOHNSON, Appellant.

No. 80–5128.

United States Court of Appeals, · Fourth Circuit.

Argued June 5, 1981.

Decided Sept. 11, 1981.

K. Dennis Sisk, Richmond, Va. (Hunton & Williams, Richmond, Va., on brief), for appellant.

Larry W. Shelton, Asst. U. S. Atty., Norfolk, Va. (Justin W. Williams, U. S. Atty., Alexandria, Va., on brief), for appellee.

Before RUSSELL, SPROUSE and ERVIN, Circuit Judges.

ERVIN, Circuit Judge:

Michael Johnson appeals the order of the district court finding him in contempt of court pursuant to 18 U.S.C. § 401(3) for

failure to abide by a court order requiring him to reimburse the government for his court appointed attorney. We reverse.

### I.

In January 1980, Michael Johnson was charged under 18 U.S.C. § 201 with bribery, and trial was set for March 5, 1980. Approximately five days prior to trial, Johnson's retained counsel was permitted by the court to withdraw from the case. At that time, the court conducted an inquiry into Johnson's financial status to determine whether Johnson was entitled to have a court appointed attorney. The court concluded that although Johnson could not immediately afford to pay the full cost of an attorney, he had sufficient income and assets [1] to make monthly payments to the court to defray the cost. Counsel was appointed, and Johnson was ordered to deposit $250.00 with the court within a week and to pay $100.00 on the fifteenth of every month, beginning in March, to the court until he had paid his attorney's fees. Johnson was ordered to sell his car if necessary to obtain the $250.00 deposit. At the time of this inquiry, Johnson was single with no dependents, was employed by the Army, and worked part-time at a convenience store. He netted $260.00 a month from his Army pay and approximately $250.00 a month from the store.

He was acquitted on the bribery charges on March 6, 1980. The fees and expenses of appointed counsel amounted to $898.58.

Pursuant to the court's directive, Johnson deposited $250.00 with the court on March 7 and $100.00 on March 15. On April 10, Johnson moved the court, pro se, to be relieved of his monthly obligation to pay $100.00. He contended that he was no longer employed part-time by the convenience store and that he could no longer afford the monthly payments. The court denied the motion on the ground that the evidence of Johnson's financial status presented at the earlier hearing showed Johnson had sufficient income from the Army to meet the demands of the court order.

Johnson failed to make his April and May payments. Thus, an order issued on June 6 for Johnson to show cause why he should not be held in criminal contempt pursuant to 18 U.S.C. § 401(3) for failure to make the payments, and a hearing was set for June 18. Subsequently, Johnson failed to make his June payment.

At the hearing, Johnson, proceeding pro se, was found to be in contempt and was given a ninety day sentence. The court stayed imposition of the sentence until June 30, and advised Johnson that the contempt charge would be dismissed if he satisfied the requirements of the court's reimbursement order. On July 10, Johnson informed the court that he had pursued every available course to obtain the necessary funds but that he had not been successful. The court then committed Johnson to prison.

### II.

Johnson contends that he was not adequately informed at the contempt hearing of his right to have a court appointed attorney if he could not afford to retain counsel. We agree.

The Sixth Amendment provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." The Supreme Court has recognized that this amendment guarantees the defendant the right to have counsel appointed for him if he himself cannot afford to retain an attorney. *See Johnson v. Zerbst*, 304 U.S. 458, 463, 58 S.Ct. 1019, 1022, 82 L.Ed. 1461 (1938).

Although a defendant may waive his right to counsel, the courts entertain every reasonable presumption against the waiver of this fundamental constitutional right. *Id.* at 464, 58 S.Ct. at 1023. In order for a waiver to be valid, it must be shown that the defendant intentionally relinquished a *known* right. *Id.* The validity of a waiver must be determined in light of the

---

**1.** Johnson's principal asset was a 1973 Plymouth Duster automobile.

facts and circumstances surrounding each case, including "the background, experience, and conduct of the accused." *Id.* In the absence of a knowing and intelligent waiver, a person may not be imprisoned for any offense unless he was represented by counsel at trial. *Argersinger v. Hamlin,* 407 U.S. 25, 37, 92 S.Ct. 2006, 2012, 32 L.Ed.2d 530 (1972).

The record in this case fails to show that Johnson was adequately apprised at the contempt proceeding of his right to counsel. The district court commenced that hearing by asking Johnson if he was represented by counsel. When Johnson indicated that he was not, the court initially stated that he was not entitled to appointed counsel because the court believed that the government was not seeking to have a prison sentence imposed. The United States Attorney corrected the court in Johnson's presence by noting that a six month jail sentence was a possible penalty and thus that Johnson "would be entitled to counsel." The court agreed and asked Johnson if he intended to obtain the assistance of counsel; Johnson replied that he did not and added, "I cannot afford one." He then informed the court that he was not working at the time. The court inquired if Johnson was asking the court to appoint counsel for him, and Johnson replied, "No, Your Honor. I can't afford that either."

██ Merely asking a defendant if he wants an attorney is inadequate to inform the defendant of his right to counsel. *See Smith v. Lane,* 426 F.2d 767, 769 (7th Cir.), *cert. denied,* 400 U.S. 874, 91 S.Ct. 103, 27 L.Ed.2d 109 (1970). Although the court's inquiry may have made Johnson aware in an abstract sense of his right to counsel, Johnson's comments indicate that he perceived his right to be conditioned on his ability to pay, whether he chose his own counsel or whether the court chose someone

for him. There is no evidence that Johnson was informed at the prior proceeding or at the contempt proceeding of his absolute right to have the court appoint counsel at no immediate expense to him if he could not afford to retain an attorney. At the contempt proceeding, the court merely told Johnson:

> If you don't have means of paying counsel now but do have means of paying the court back for the advance of counsel, then you'd be required to do it, *just as I did before.* So I'll do whatever you want.
>
> If you want me to appoint counsel for you with the understanding that if I determine that you have sufficient income and resources or potential income resources to repay the court for the appointment of counsel, I will appoint counsel for you.
>
> If you don't want, why, I won't.
>
> You have a right to represent yourself, if you want to.

Transcript at 3. (emphasis added)

Johnson's prior experience with a court appointed attorney was in connection with defending the bribery charges, and at the time of that appointment, Johnson was immediately assessed $250.00 and was required to pay another $100.00 within ten days of trial. His present predicament is the direct result of his prior experience with court appointed counsel, and in light of that experience it is not surprising that Johnson felt that he could not afford to have the court appoint him an attorney.

Johnson does not challenge the validity of a recoupment requirement, and for purposes of discussion, we will assume that a defendant, whether convicted or acquitted, may be required to repay the court the expenses of his court appointed attorney if he becomes financially able to do so. *See Fuller v. Oregon,* 417 U.S. 40, 94 S.Ct. 2116, 40 L.Ed.2d 642 (1974).[2] Although the de-

---

**2.** The Supreme Court in *Fuller* upheld a state recoupment statute that required convicted defendants who used the services of court appointed attorneys to repay the state for all or part of the attorneys' expenses under certain circumstances. The statute allowed recoup-

ment to be made a condition of parole, but it prohibited a court from ordering a convicted person to repay unless he was or would be financially able to do so. Thus, no obligation to repay could be placed on a convicted defendant if there was no likelihood that the defend-

fendant should be informed of any conditional obligation to repay the court for the cost of an attorney, *see United States v. Bracewell*, 569 F.2d 1194, 1197 (2d Cir. 1978), by the same token, if there is any question about the defendant's financial status, he should be clearly advised that he has the right to counsel at the government's immediate expense and that any obligation to repay is conditional on his becoming able to do so. *See Townes v. United States*, 371 F.2d 930, 933 (4th Cir. 1966), *cert. denied*, 387 U.S. 947, 87 S.Ct. 2083, 18 L.Ed.2d 1335 (1967) (defendant should have been informed that he was entitled to counsel at arraignment and that, if he were indigent, the court would appoint counsel to represent him at no cost or obligation to him, even though failure to do so was harmless error). *Cf. Miranda v. Arizona*, 384 U.S. 436, 473 n.43, 86 S.Ct. 1602, 1627 n.43, 16 L.Ed.2d 694 (1966) ("While a warning that the indigent may have counsel appointed need not be given to the person who is known to have an attorney or is known to have ample funds to secure one, the expedient of giving a warning is too simple and the rights involved too important to engage in ex post facto inquiries into financial ability when there is any doubt at all on that score"). Certainly, there was some doubt about Johnson's ability to pay for counsel at the contempt proceedings: he had informed the court that he was not working at that

time, and he had repeatedly insisted that he could not afford to retain his own counsel or to have the court appoint someone for him. Consequently, we conclude that Johnson was not adequately apprised of his right to counsel and, thus, that any purported waiver was invalid. *See, e. g., Smith v. Lane*, 426 F.2d 767, 768–69 (7th Cir.) *cert. denied*, 400 U.S. 874, 91 S.Ct. 103, 27 L.Ed.2d 109 (1970) (defendant's right to counsel may not be deemed waived "if the accused was not informed of his right to counsel even though he cannot afford to pay"); *United States v. Cohen*, 419 F.2d 1124, 1126 (8th Cir. 1969) (right to counsel may not be waived "unless the defendant has been informed of his right to appointed counsel").

Furthermore, even if Johnson may be deemed to have been adequately informed of his right to counsel, we find the purported waiver to be infirm for yet another reason: Johnson may have been premising his refusal on a mistaken view of his ability to pay. The sole and repeated reason that Johnson gave for not wanting counsel was that he could not afford one. Under the circumstances of this case, it was the obligation of the court to determine whether Johnson qualified for court appointed counsel. When Johnson persistently insisted that he could not afford counsel, the court should have conducted an inquiry into John-

ant would ever acquire sufficient means to repay. The statute contained additional safeguards to insure that a repayment obligation would not impose a manifest hardship on the defendant or his family.

The Criminal Justice Act of 1964 contains a provision allowing for payment of attorneys' fees in some circumstances by a person who has received the services of a court appointed attorney. 18 U.S.C. § 3006A(c), (f). Subsection (c) of 18 U.S.C. § 3006A reads in relevant part:

If any time after the appointment of counsel . . . the court finds that the person is financially able to obtain counsel or to make partial payment for the representation, it may terminate the appointment of counsel or authorize payment as provided in subsection (f), as the interests of justice may dictate.

Subsection (f) provides in relevant part:

Whenever . . . the court finds that funds are available for payment from or on behalf of a

person furnished representation, it may authorize or direct that such funds be paid to the appointed attorney, to the bar association or legal aid agency or community defender organization which provided the appointed attorney, . . . or to the court for deposit in the Treasury as a reimbursement to the appropriation, current at the time of payment, to carry out the provisions of this section.

Although these provisions do not condition repayment on guilt, *see Fuller v. Oregon*, 417 U.S. 40, 94 S.Ct. 2116, 40 L.Ed.2d 642 (1974), they do require that funds be available before a court may order repayment. At least one court has indicated that funds are not available for repayment under these provisions merely because a defendant has funds in his possession. The district court must determine that the defendant will not suffer extreme hardship if deprived of the funds. *See United States v. Bracewell*, 569 F.2d 1194 (2d Cir. 1978).

son's current financial status; the court's inquiry at the time of the bribery trial does not suffice, particularly in light of Johnson's testimony at the contempt hearing that he was not working. In the absence of an inquiry, we cannot conclude that Johnson intelligently waived his right to counsel.

### III.

■ Johnson also contends that there is not substantial evidence to sustain a judgment of criminal contempt.[3] We agree.

Our standard of review is whether there is substantial evidence, taking the view most favorable to the government, from which a rational fact finder could find beyond a reasonable doubt, *United States v. Shaver*, 651 F.2d 236, 238 & n.4 (4th Cir. 1981), that Johnson "willfully, contumaciously, intentionally, with a wrongful state of mind violated a decree which was definite, clear, specific, and left no doubt or uncertainty in the minds of those to whom it was addressed." *Richmond Black Police Officers Association v. City of Richmond*, 548 F.2d 123, 129 (4th Cir. 1977) (citations omitted).

The only evidence offered against Johnson at the contempt proceeding was the testimony of an employee of the United States District Court Clerk's Office, Newport News, Virginia division. She testified that Johnson made no payments after March 15, 1980, and that Johnson had called the office to ask about appealing the court's order denying his motion for reconsideration. She also testified that Johnson had asked how many people had not complied with similar orders and what would happen if he did not. The court relied on this testimony in finding Johnson in contempt.

This testimony, however, is neutral at best; Johnson's inquiries do not indicate any willful, contumacious refusal to comply with the court's order. Johnson, testifying in his own defense, indicated moreover that he had intended to comply with the court's order to pay, but that he was financially unable to do so. He testified that he had sold his car as the court had directed, that he had lost his part-time job, that he had searched for another job, and that he was no longer in the Army but would continue receiving Army pay until the end of July. Johnson's testimony conveys a good faith attempt to comply with the court's order

---

**3.** The government contends that Johnson was actually held in civil contempt even though he was charged pursuant to a federal criminal contempt statute and that we should review the sufficiency of the evidence as if Johnson were in civil contempt. We conclude, however, that the contempt was criminal in nature.

At the outset we note that the district court's characterization is not binding on us, *see Shillitani v. United States*, 384 U.S. 364, 369, 86 S.Ct. 1531, 1534, 16 L.Ed.2d 622 (1966), and we must look to the apparent purpose of the sentencing court in entering a contempt judgment. *See Smith v. Sullivan*, 611 F.2d 1050, 1053 (5th Cir. 1980). When the purpose of the contempt judgment is remedial or coercive, the proceeding is civil in nature. *See Shillitani v. United States*, 384 U.S. 364, 368–70, 86 S.Ct. 1531, 1534–35, 16 L.Ed.2d 622 (1966). A conditional sentence of imprisonment when the contemnors carry the "keys of their prison in their own pockets" is generally indicative of civil contempt. *Id.* at 368. If the purpose of a contempt sentence is punitive in nature and imposed for the purpose of vindicating the authority of the court, then the proceeding is criminal in nature. *United States v. United Mine Workers of America*, 330 U.S. 258, 302,

67 S.Ct. 677, 700, 91 L.Ed. 884 (1947). If there is a dual purpose, the Supreme Court has indicated that the punitive purpose controls for purposes of review. *See Union Tool Co. v. Wilson*, 259 U.S. 107, 110, 42 S.Ct. 427, 428, 66 L.Ed. 848 (1922).

Although the district court's sentence in this case was conditional in that Johnson would not have had to have served it at all if he had been able to comply with the court's payment order by June 30, 1980, it was not conditional in the sense that it contained no provision allowing Johnson to be released once he started serving it. *Cf. Shillitani v. United States*, 384 U.S. 364, 368–70, 86 S.Ct. 1531, 1534–35, 16 L.Ed.2d 622 (1966) (civil contempt found when contemnor was imprisoned for failure to answer questions before a grand jury, but sentence allowed court to release contemnor when he agreed to answer questions).

Moreover, in our case, there is some evidence that the district court intended for the prison sentence to be punitive. For example, the court indicated that the sentence would be enforced if Johnson took advantage of the court. Thus, the proper standard to apply in this case is the standard for determining the sufficiency of the evidence in a criminal case.

and does not show that he acted "willfully, contumaciously, intentionally, [and] with a wrongful state of mind." Accordingly, we find Johnson's conviction not supported by substantial evidence.

### IV.

Because Johnson's constitutional right to counsel was violated, his conviction cannot stand. Reversal is mandated, furthermore, for lack of sufficient evidence to support his conviction.

*REVERSED.*