Elroy Lynn WABASHA, Appellant,

v.

Herman SOLEM, Warden, South Dakota State Penitentiary and Mark Meierhenry, Attorney General, State of South Dakota, Appellees.

Nos. 82–1491, 82–1492.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 17, 1982.

Decided Dec. 1, 1982.

Mark V. Meierhenry, Atty. Gen., Richard Dale, Asst. Atty. Gen., Pierre, S.D., for appellees.

John P. Abbott, Brandon, S.D., for appellant.

Before LAY, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and BRIGHT, Circuit Judge.

FLOYD R. GIBSON, Senior Circuit Judge.

Elroy Wabasha appeals the district court's denial of two separate petitions for writs of habeas corpus pursuant to 28 U.S.C. § 2254 (1976). The two cases were consolidated for purposes of appeal. We affirm the judgments of the district court.[1] In the first petition he alleges that his guilty plea was not valid. In the second petition he alleges that his sentence on a subsequent charge was invalid because the sentencing judge suffered from a mental illness which manifested itself in kleptomania.

I.

In the first petition Wabasha complains of a conviction for first degree robbery which rested on a guilty plea entered in State court. The information was read to Wabasha at his arraignment and charged

---

1. The Honorable John B. Jones, United States District Judge, District of South Dakota.

him with robbing a liquor store of Three Hundred Fifty-Five Dollars ($355.00) from its cash register by using a handgun to put fear in a person in the store.[2] Wabasha chose not to acquire the services of an attorney, although the trial court strongly encouraged him to do so.

After the information was read, Wabasha entered his plea of guilty. There was no evidence at the arraignment that there was a plea bargain. After Wabasha's plea, the court explained the rights Wabasha was waiving by pleading guilty, including the rights to counsel, jury trial, confrontation, cross-examination, compulsory process, and the right against self-incrimination. The court also explained the state's burden of proof and the maximum penalty for the offense. The court then asked Wabasha about the robbery, and Wabasha admitted that he robbed the store, had a handgun, and was pleading guilty because he was guilty. Finally, the court asked Wabasha whether it was still his intention to enter his plea of guilty, and Wabasha said it was. The judge then accepted the guilty plea. The next day the same judge sentenced Wabasha to fifteen years in prison.

The second petition complains of the sentence Wabasha received for striking a prison guard while serving his sentence for robbery. Pursuant to a plea bargain, Wabasha pled guilty to aggravated assault and the court imposed a three-year sentence. Seven weeks after the sentencing, the sentencing judge pled guilty to petty theft, and three weeks later he resigned from the bench, admitting he suffered from a mental illness which manifested itself in kleptomania. Wabasha argues the sentence is void because of the sentencing judge's mental illness.

2. The information read:
   Elroy Lynn Wabasha ... did willfully, unlawfully and feloniously take from the possession of Jack Sletten certain personal property, to-wit: checks and cash in good and lawful money of the United States of America in the amount of $355.76, which said personal property was then and there in a certain cash register then and there being in the immediate presence of said Jack Sletten and in a building operated as Westside Bottle

II.

In the first petition, Wabasha makes four arguments supporting his contention that his guilty plea to armed robbery was invalid.

A.

Wabasha first argues that the arraignment record does not establish the requisite factual basis for the plea because there was not a basis for one of the elements of first degree robbery—effectuation of the robbery by means of force or fear. Wabasha argues he merely admitted possessing the handgun at the time of the robbery.

Wabasha's argument fails for two reasons. First, the factual basis requirement rests in Fed.R.Crim.P. 11(f), not the Constitution. See Santobello v. New York, 404 U.S. 257, 261–62, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971); McCarthy v. United States, 394 U.S. 459, 464, 89 S.Ct. 1166, 1169–70, 22 L.Ed.2d 418 (1969). C. Whitebread, Criminal Procedure, 409 n. 14 (1980). An express admission of guilt is not constitutionally required. North Carolina v. Alford, 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed.2d 162 (1970). Establishment of a factual basis may be constitutionally required when the guilty plea is accompanied by claims of innocence. Id. at 38, n. 10, 91 S.Ct. 167, n. 10. Therefore, Wabasha has not made a cognizable claim under the habeas corpus statute.

Second, even if a factual basis were constitutionally required, such a basis was established in this case. The information clearly charged Wabasha with all the elements of first degree robbery. Wabasha admitted he had robbed the liquor store,

Stop located at 1109 West 9th Yankton, South Dakota, and which said taking was then and there accomplished by said Defendant by means of a handgun, which said handgun the said Defendant then and there held in his hands and pointed the same at said Jack Sletten thereby putting him in fear of some immediate injury to his person and the said Defendant did by said means commit the crime of robbery in the first degree ....

had a handgun, and was guilty. When his statements and his admissions are read in the context of the recitation of the charges there clearly was a factual basis for the charge; his contentions to the contrary are frivolous.

### B.

Wabasha next argues that his plea was not made voluntarily and intelligently, as is constitutionally required. Wabasha makes three arguments in support of this contention. First, he asserts that he did not understand the nature of the charge against him or the elements of the crime because the court did not tell him that first degree robbery required that force or fear be used to accomplish the robbery. He relies on *Henderson v. Morgan*, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976) for the proposition that an explanation by the court of every element of a crime is a constitutional prerequisite to a valid guilty plea.

Wabasha reads *Henderson* too broadly. In *Henderson*, the Supreme Court held that a guilty plea to second degree murder was involuntary because the petitioner was not informed that intent to cause death was an element of the offense. The court specifically stated that it was not deciding whether every element of the offense must be described, but it assumed that an understanding of the nature of the charge would not always require such a description. The court in *Henderson* emphasized that intent was a critical element of the charge involved in that case and required adequate notice of that fact be made known to a criminal defendant. *Id.* at 647, n. 18, 96 S.Ct. 2258, n. 18.

█ Furthermore, the reading of the information provided Wabasha with a description of the nature of the charges against him. The court in *Henderson* pointed out that the petitioner in that case was never formally charged with the offense to which he pled guilty (second degree murder). *Id.* at 645, 96 S.Ct. at 2258. When the information is clear and not complex, like the one involved here,[3] a reading of the information puts the accused on notice of the nature of the charge against him. *United States v. Dayton*, 604 F.2d 931, 938 (5th Cir.1979), *cert. denied*, 445 U.S. 904, 100 S.Ct. 1080, 63 L.Ed.2d 320 (1980); *See United States v. Saft*, 558 F.2d 1073, 1079–80 (2nd Cir.1977).

Wabasha also argues that his plea was not made voluntarily and intelligently because the court did not explain the rights he was waiving by pleading guilty until after the plea was accepted. It is true that a plea can be involuntary because the accused does not understand the nature of the constitutional protections he is waiving. *Henderson*, 426 U.S. at 645, n. 13, 96 S.Ct. at 2257, n. 13. In the instant case, the court asked Wabasha how he was pleading and Wabasha answered guilty. The court then explained Wabasha's constitutional rights, and then asked Wabasha whether he still desired to plead guilty. It is clear that in this context the court was ready to allow Wabasha to change his plea to not guilty if Wabasha so desired; and in fact did not accept the plea until Wabasha satisfied the judge that Wabasha understood the charge and related the factual events of the armed robbery. If we found this procedure inadequate, a court would have to waste its time explaining the consequences of a guilty plea to persons who had no intention of pleading guilty.

Wabasha's last assertion to support his argument that the plea was not made voluntarily and intelligently is that law enforcement officials threatened to seek the maximum sentence and a possible habitual offender charge if Wabasha pled not guilty. However, when this argument was raised in a post-conviction petition in state court, the court found that no such threat had been made. The South Dakota Supreme Court affirmed that finding. *Wabasha v. State*, 292 N.W.2d 340, 342 (S.D.1980). We must accept the state court's factual findings as correct unless the petitioner establishes to the contrary, 28 U.S.C. § 2254(d) (1976); *Sumner v. Mata*, 449 U.S. 539, 546–47, 101

---

**3.** See note 2, *supra*.

S.Ct. 764, 769–70, 66 L.Ed.2d 722 (1981). Here, Wabasha has wholly failed to establish his contention on this issue.

### C.

Wabasha's third argument that his guilty plea was invalid is that the plea was without counsel and his waiver of the right to counsel was involuntary. He argues the waiver was involuntary because of the threats made by law enforcement officials described in the preceding paragraph. Again we must accept the state court's conclusions that such threats were not made, and, therefore, this claim must likewise fall. Also, the state trial judge strongly and repeatedly urged Wabasha to accept the court's offer to appoint counsel, but Wabasha, who was no stranger to criminal judicial proceedings, refused to do so.[4]

### D.

Wabasha's final argument that his guilty plea was invalid is that the sentencing court, as well as the court at the arraignment, had to establish a factual basis and had to explain the elements of the offense to Wabasha. The sentencing court did not repeat the elements of the offense or reestablish a factual basis.

Wabasha relies on *Santobello* which states that the sentencing judge must develop a factual basis for a guilty plea. 404 U.S. at 261, 92 S.Ct. at 498. However, this requirement is based on Fed.R.Crim.P. 11, not the Constitution. *Id.* There is no indication that Wabasha suffered any prejudice in the instant case because the sentencing followed the arraignment by less than twenty-four hours and the same judge presided at both proceedings. The factual basis for the plea was developed at the arraignment. The sentencing court's lack of redundancy did not establish a constitutional violation.

### III.

Wabasha's other habeas corpus petition relates to the sentence he received for assaulting a prison guard while serving the robbery sentence. Wabasha argues that his three-year sentence, pursuant to a plea bargain, is void because of the revelation that the sentencing judge was suffering from a mental illness at the time he sentenced Wabasha. Wabasha argues that a sentencing by a judge suffering from a mental illness is a per se violation of due process.

We will not assume that the sentencing judge's mental illness was a per se constitutional violation. In habeas corpus proceedings, harm or prejudice must be shown to warrant relief. *Lockett v. Blackburn,* 571 F.2d 309, 314 (5th Cir.), *cert. denied,* 439 U.S. 873, 99 S.Ct. 207, 58 L.Ed.2d 186 (1978); *Willis v. Ciccone,* 506 F.2d 1011, 1015 (8th Cir.1974). In this case there is no showing of actual prejudice. Wabasha's contention on this issue is specious because: (1) the sentence was based on a plea bargain and the sentencing judge's role was merely one of approving an agreement Wabasha and the prosecutor had previously made, and (2) the sentencing judge stated in a deposition taken for Wabasha's post-conviction proceeding that he believed the mental illness either did not affect his sentencing or made him more liberal. With the absence of evidence of any prejudice to Wabasha, this claim must also fall.

Having concluded that Wabasha's guilty plea was valid and he suffered no prejudice as a result of the sentencing judge's mental illness, we affirm the judgments of the district court.

LAY, Chief Judge, dissenting.

Under the circumstances of this case I cannot find that Wabasha knowingly and

---

4. The dissent argues that Wabasha's waiver of his right to counsel was involuntary because the trial court did not provide him with enough information for his waiver to have been made knowingly and intelligently. Wabasha does not argue that his waiver was in any way based on a lack of information. We will not assume that Wabasha did not have enough information for a knowing and intelligent waiver when Wabasha himself makes no such assertion. Furthermore, a defendant has a constitutional right to proceed *pro se. Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

intelligently waived his "right to counsel." The state court advised him that he was entitled to have counsel represent him at all stages of the proceedings at no cost to him. The court "strongly encouraged" him to get counsel because of the seriousness of the offense involved and the possibility of imprisonment for up to 20 years. The following colloquy then took place:

THE COURT: I've advised you previously of your right to have an attorney here to represent you; is that correct?

MR. WABASHA: Yes.

THE COURT: And I have recommended to you that you not proceed without the services of an attorney, have I not?

MR. WABASHA: Yes.

THE COURT: And you've indicated to this Court you do not desire the services of an attorney?

MR. WABASHA: No.

THE COURT: And I have apprised you that if you did not have enough money to retain an attorney this Court would provide an attorney for you at no cost to you?

MR. WABASHA: Yes.

THE COURT: Do you know and understand this?

MR. WABASHA: Yes.

THE COURT: Is it still your desire to proceed?

MR. WABASHA: Yes.

Transcript of arraignment at 4–5.

The law requires much more for an effective waiver of counsel. Merely giving lip service by saying yes or no to stereotyped questions is not sufficient. See Carnley v. Cochran, 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70 (1962); Von Moltke v. Gillies, 332 U.S. 708, 722, 68 S.Ct. 316, 322, 92 L.Ed. 309 (1948); Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). Before waiver of counsel should be approved there must be a penetrating and comprehensive discussion between the court and the accused. In the Von Moltke case Justice Black wrote for a plurality of the Court:

To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered.

332 U.S. at 724, 68 S.Ct. at 323.

Although no court has required Justice Black's precise litany of questions, other courts have required some judicial inquiry to ascertain that the defendant's waiver is wisely made. Cf. United States v. Welty, 674 F.2d 185, 187–88 (3d Cir.1982) (where on eve of trial defendant seeks new counsel or to proceed pro se, the district court has the "responsibility of ensuring that any decision by the defendant to represent himself is intelligently and competently made .... Perfunctory questioning is not sufficient."); United States v. King, 582 F.2d 888, 889–90 (4th Cir.1978) (district judge's explanation of the dangers of self-representation informed defendant of considerations necessary for an intelligent waiver and defendant's responses indicated he made his choice "with his eyes open."); Chapman v. United States, 553 F.2d 886, 892 (5th Cir.1977) (where defendant clearly asserts the right to defend pro se, "a trial judge should engage in a dialogue with such a defendant, explaining to him the consequences of defending pro se."). The Fourth Circuit recently observed "[m]erely asking a defendant if he wants an attorney is inadequate to inform the defendant of his right to counsel." United States v. Johnson, 659 F.2d 415, 417 (4th Cir.1981). The American Bar Association Standards Relating to Providing Defense Services (Approved Draft 1968) summarizes these principles in section 7.2:

The accused's failure to request counsel or his announced intention to plead guilty should not of itself be construed to consti-

tute a waiver. An accused should not be deemed to have waived the assistance of counsel until the entire process of offering counsel has been completed and a thorough inquiry into the accused's comprehension of that offer and his capacity to make the choice intelligently and understandingly has been made. No waiver should be found to have been made where it appears that the accused is unable to make an intelligent and understanding choice because of his mental condition, age, education, experience, the nature or complexity of the case, or other factors.

*See id.* commentary at 63.[1]

For an accused to make an intelligent waiver a trial judge must be assured that a defendant has a broad understanding of what an attorney might do for him. The specific nature of the charge must be spelled out, not in conclusory terms, but so that the accused can fully understand what is confronting him. Thereafter, a trial judge should determine if the accused fully appreciates any possible defenses to the charge and whether mitigating circumstances may exist that a lawyer might present on his behalf. The accused should be informed and should demonstrate a complete understanding of possible defenses that might exist under the circumstances. If there are technical difficulties in the questions raised beyond the capacity of the accused to understand them the trial court should be reluctant to accept the waiver. *Cf. Cash v. Culver,* 358 U.S. 633, 636–37, 79 S.Ct. 432, 435, 3 L.Ed.2d 557 (1959) (several factors render criminal proceedings without counsel so apt to result in injustice as to be fundamentally unfair); *Moore v. Michigan,* 355 U.S. 155, 161–62, 78 S.Ct. 191, 195, 2 L.Ed.2d 167 (1957) (a finding of waiver is not lightly made).

A legal waiver of counsel must demonstrate "an intentional relinquishment or abandonment of a *known* right or privilege." Such a waiver must be "intelligent."

*Johnson v. Zerbst,* 304 U.S. at 464, 58 S.Ct. at 1023 (emphasis added); *see also Edwards v. Arizona,* 451 U.S. 477, 482, 101 S.Ct. 1880, 1883, 68 L.Ed.2d 378 (1981); *McKee v. Harris,* 649 F.2d 927, 930 (2d Cir.1981), *cert. denied,* 456 U.S. 917, 102 S.Ct. 1773, 72 L.Ed.2d 177 (1982); *cf. Tollett v. United States,* 444 F.2d 622, 624 (8th Cir.1971) ("The law is clear that the sixth amendment guarantee of the right to counsel in a federal criminal trial can only be waived after a careful explanation of the defendant's rights by the court and an intelligent exercise of the choice by the defendant.").

The law abhors forfeiture. Here the court condones forfeiture of one's liberty without legal representation based upon a formalistic inquiry by the state court and an abbreviated record. I cannot subscribe to it. Conscientious state and federal trial judges should require much, much more before accepting a waiver of counsel in criminal cases.

---

**1.** Section 7.2 suggests that an inquiry into the defendant's background, age, education, mental condition, and experience is appropriate. Wabasha, a Native American, was 20 years old at the time of arraignment and had a seventh or eighth grade education. He had a reading level of third or fourth grade.