806 F.2d 1067
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Appellee,
v.
Albert Claster JONES, Appellant.
 No. 86-5143.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 3, 1986.
Decided Nov. 13, 1986.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, District Judge. (CR-86-178-A)
 Henry E. Hudson, U.S. Attorney; Lawrence J. Leiser, Assistant U.S. Attorney; E. Roy Hawkins, Special Assistant, U.S. Attorney, on brief, for appellee.
 Jonathan C. Thacher, court-appointed counsel; James E. Swiger, Thacher, Swiger, Sweeny & Day, on brief, for appellant.
 E.D.Va.
 AFFIRMED.
 Before WINTER, Chief Judge, and WIDENER and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Albert Jones appeals a six-month sentence imposed after a finding of contempt following his refusal to testify in a criminal proceeding. For the reasons stated herein, we affirm.[1]
 
 I.
 
 2
 Jones, an inmate at Lorton Federal Correctional Institute, witnessed a stabbing on December 18, 1985. The government granted him immunity and called him as a rebuttal witness at the trial of Michael Bailey. Jones refused to testify. The district judge cautioned him that he could receive "additional time" for refusing to answer questions. The prosecuting attorney then requested that the penalty for contempt be explained in detail. The district judge instructed Jones: "The contempt part would be that you could be held for as long as up to 18 months. Do you understand that?" to which Jones responded: "I refuse to testify." The district judge also inquired: "Do you understand that if you refuse to answer, the court can hold you in contempt?" Jones replied: "Yes, I know that now." The judge explained to Jones that he no longer had a fifth amendment privilege and ordered him to answer the questions. Jones declined to answer.
 
 
 3
 At one point in the proceedings the district judge read 28 U.S.C.A. Sec. 1826(a) (West Supp.1986) to Jones. This section governs civil contempt as applied to recalcitrant witnesses and provides in part: "No period of such confinement shall exceed the life of--(1) the court proceeding, or (2) the term of the grand jury, including extensions, before which such refusal to comply with the court order occurred, but in no event shall such confinement exceed eighteen months."
 
 
 4
 Jones continually refused to answer questions and the district judge, finding he acted willfully, found Jones in contempt and sentenced him to six months to run consecutive to his existing sentence. While the district judge did not specify whether the contempt was "civil" or "criminal" during the trial or at the time of sentencing, he subsequently issued a written order which referred to the contempt as civil contempt.
 
 
 5
 Jones promptly moved to correct the sentence alleging it exceeded that permissible for civil contempt provided for by Section 1826(a). Jones correctly argued that a sentence under Section 1826(a) expires with the end of the trial. Under his argument Jones could have served no more than one day because he was called as a rebuttal witness near the end of trial. The district judge held a hearing on the motion and denied the relief sought by Jones. He amended his prior written order to reflect that Jones was guilty of criminal, not civil, contempt.
 
 II.
 
 6
 Jones alleges error in the district judge's decision changing the designation of the contempt and in his imposition of a six-month sentence after reading the language of Section 1826(a) at one point during the trial.
 
 
 7
 There was no error in changing the designation of the contempt from civil to criminal. In determining which type of contempt is at issue, the court should look to the primary purpose sought to be accomplished by the sentence imposed. Shillitani v. United States, 384 U.S. 364, 370 (1966). The district judge's characterization is not binding on us. United States v. Johnson, 659 F.2d 415, 419 n. 3 (4th Cir.1981). If the goal is to compel a person to obey a court order, the contempt is civil. Shillitani, 384 U.S. at 368. On the other hand, if the goal is to sanction a violation of a court order, the contempt is criminal.
 
 
 8
 The present record clearly reflects an intent by the district judge to punish a violation of his order to answer the questions. While the district judge did not use either the term "civil" or "criminal" contempt during the proceedings in court, the district judge in sentencing Jones found he "willfully" refused to answer questions as instructed. The judge also refrained from sentencing Jones until he had given him every opportunity to answer the questions. Since only 20 or 30 minutes of testimony remained in the trial and since Jones was already incarcerated, the district judge was no longer concerned with compelling him to answer. See United States v. North, 621 F.2d 1255, 1263 (3rd Cir.), cert. denied, 449 U.S. 866 (1980) (it is not plausible that the trial court would have sentenced immunized witness for civil contempt since such sentence would necessarily expire with the conclusion of the trial in a few days).
 
 
 9
 Finally, there is nothing in the record to indicate the sentence, once imposed, was in any way conditional. The contempt was not civil in nature because there no longer existed an opportunity for Jones to purge himself of the contempt by answering the questions. Cf. Shillitani v. United States, 384 U.S. 364 (1966) (civil contempt found when under terms of order contempt could be purged, and imprisonment ended, by petitioner returning and answering questions before the grand jury).
 
 
 10
 Jones' second contention is that the trial judge violated his rights by imposing a sentence for criminal contempt after reading from Section 1826(a). While the judge may have initially confused civil and criminal contempt, improper labeling is not controlling. Jones suffered no prejudice from the reading of Section 1826(a). Jones was specifically informed that he might receive an additional 18-month sentence for refusing to testify. He was asked if he understood this and his response was "I refuse to testify." While the district judge may have unnecessarily limited the maximum sentence he might impose to 18 months, the sentence ultimately imposed was less than that Jones was informed he might receive.
 
 
 11
 Finding no violation of his due process rights, we affirm. We dispense with oral argument because the decisional process would not be significantly aided by oral argument. The facts and legal arguments have been adequately presented in the briefs and record.
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 Jones has informed the Clerk's Office that this appeal should be handled in an expedited fashion pursuant to 28 U.S.C.A. Sec. 1826(b) (West Supp.1986). Because the district judge's sentence was imposed to punish Jones for disobeying his order and not to compel testimony, this section is not applicable