**In re Lee T. JESSEN.**

**Misc. No. 2133–P.**

United States District Court,
W.D. North Carolina,
Charlotte Division.

June 8, 1990.

J. Christopher Belcher, Sp. Asst. U.S. Atty., for plaintiff.

Harold J. Bender, Charlotte, N.C., for defendant.

## ORDER

ROBERT D. POTTER, Chief Judge.

This matter is before the Court on the Government's Application, filed March 2, 1990, for an Order to Show Cause why Lee T. Jessen should not be held in *criminal* contempt by the Court.

On March 2, 1990, the Government filed an application for an Order for Lee T. Jessen to Show Cause why he should not be held in contempt. The application stated that Jessen failed to produce documents required by a duly issued subpoena duces tecum. On March 6, 1990, the Court issued an order requiring Jessen to appear during the April 1990 Charlotte Criminal Term to Show Cause why he should not be held in criminal contempt. On April 16, 1990, the Court entered an order denying Jessen's motion to dismiss the proceeding. On April 16, 1990, the Court entered an order continuing the matter until June 4, 1990 to ensure Jessen had been properly served with notice of the proceedings.

The Court conducted a hearing on June 4, 1990 to consider whether Jessen should be held in criminal contempt. After carefully considering the evidence at the hearing, the Court found that the Government could not prove beyond a reasonable doubt that Jessen had sufficient notice to produce the documents. Hence, the Court dismissed the Application. The Court has entered this order to clarify the rationale behind that ruling.

## I. FACTUAL BACKGROUND

The Government contends that Jessen was contemptuous during his testimony during the *United States v. Lewis, et al.,* C–CR–89–114, case. Jessen was called to testify on February 23, 1990 during the Government's case-in-chief. Jessen testified that he purchased an Unincorporated Business Organization (U.B.O.) from Defendants Lewis and Dunlap.

It became immediately apparent that Jessen's sympathies were aligned with the Defendants. Therefore, the Court permitted the Government to use leading questions pursuant to Federal Rules of Evidence 611(c). During a discourse between the prosecutor and Jessen, Jessen denied having possession of documents for his U.B.O. known as "The Lee Group." Later, Jessen reluctantly admitted those documents were in the den of his home.

The hearing on this matter was originally set for March 26, 1990. Jessen was notified by registered mail of the hearing date. However, the Government requested the hearing be delayed until April 11, 1990 due to the postponement of the sentencing hearing in the *Lewis* case of April 12, 1990. The presentence reports were not available until that date. At the Court's request, the Clerk's Office set the hearing for April 11, 1990 at 5:00 p.m. An amended Notice was sent to Jessen by registered mail.

Shortly before the start of the April 1990 Charlotte Criminal Term, the United States Marshal Service indicated that service of the Notice setting the hearing had not been successful. Nonetheless, Jessen appeared with his attorney at the scheduled time. Out of an abundance of caution, the Court continued the hearing until June 4, 1990 at 5:00 p.m. to ensure Jessen had adequate time to prepare for the hearing. The United States Marshal Service, in open court, served by hand upon Jessen and his counsel a copy of the Order filed April 16, 1990 setting the hearing.

## II. APPLICABLE CONTEMPT STATUTE AND RULES

Title 18, United States Code, Section 401 gives United States Courts general contempt powers. That statute provides:

A court of the United States shall have power to punish by fine or imprisonment,

at its discretion, such contempt of its authority, and none other, as—

(1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;

(2) Misbehavior of any of its officers in their official transactions;

(3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

While 18 U.S.C. § 402 also applies to contempt proceedings, it is inapplicable to an action brought or prosecuted in the name of, or on behalf of, the United States. Therefore, the Court's authority in this case is derived from 18 U.S.C. § 401.

Rule 42 of the Federal Rules of Criminal Procedure sets forth the procedure for initiating a contempt action. Rule 42(a) is applicable to summary disposition which permits the Court to punish the contempt if it was committed in the actual presence of the Court. Rule 42(b) is applicable for those contempt proceedings initiated by hearing and notice. Rule 42(b) provides:

(b) Disposition Upon Notice and Hearing. A criminal contempt except as provided in subdivision (a) of this rule shall be prosecuted on notice. The notice shall state the time and place of hearing, allowing a reasonable time for the preparation of the defense, and shall state the essential facts constituting the criminal contempt charged and describe it as such. The notice shall be given orally by the judge in open court in the presence of the defendant or, on application of the United States attorney or of any attorney appointed by the Court for that purpose, by an order to show cause or an order of arrest. The defendant is entitled to a trial by jury in any case in which an act of Congress so provides. The defendant is entitled to admission to bail as provided in these rules. If the contempt charged involves disrespect to or criticism of a judge, that judge is disqualified from presiding at the trial or hearing except with the defendant's consent. Upon a verdict or finding of guilt the court shall enter an order fixing the punishment.

In this case, the Court has proceeded in accordance with Rule 42(b).

## III. LEGAL REQUIREMENTS OF CRIMINAL CONTEMPT PROCEEDINGS

Neither Rule 42(b) nor 18 U.S.C. § 401 provides much guidance to the Court in conducting a criminal contempt hearing. A criminal contempt proceeding is unusual in that some but not all of defendant's constitutional rights must be protected. For example, an indigent criminal contempt defendant is entitled to counsel if he faces any possibility of imprisonment, but is not entitled to be indicted by a grand jury.

Fortunately, the Fourth Circuit has enunciated the appropriate standards for criminal contempt proceedings. Those standards follow.

### A. Notice Provisions.

■■■ In order to protect a defendant's due process rights, it is essential to place him on notice of what conduct is alleged to be contemptuous. See *infra, Black Officers*, 548 F.2d at 127. Naturally, the Court must first determine whether the proceeding is for civil or criminal contempt. *See* 8b *Moore's Federal Practice*, § 42.02[2] at 42–9 (1989). Criminal contempt proceedings, unlike civil contempt proceedings, require such protections as the sixth amendment right to counsel, the fifth amendment right not to testify, the reasonable doubt burden of proof, and in some instances, the right to demand a jury trial. *Id.* at 42–11. Rule 42 is designed to ensure the protections of those rights when the proceeding is for criminal contempt.

In distinguishing civil from criminal contempt, the Court must examine the character and purpose of the punishment. *Carbon Fuel Co. v. United Mine Workers*, 517 F.2d 1348, 1349 (4th Cir.1979). The Court must ask "what does the court primarily seek to accomplish by imposing sentence?" *Shillitani v. United States*, 384 U.S. 364, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966). If the purpose of the punishment is vindication of the Court's authority for the violation of a past court order, the contempt proceeding

is criminal. Civil contempt seeks to compel present or future compliance with a court order, and/or compensation of the contemnor's adversary for the injuries he has suffered as a result of non-compliance. *Moore's* at 42–13. Furthermore, a term of imprisonment imposed for a civil contempt proceeding cannot extend beyond the trial proceedings because the coercive impact is lost beyond that date. A criminal contempt term of imprisonment is fixed and unconditional; the contemnor cannot cure the contempt by complying with the Court order.

The Fourth Circuit has emphasized the importance of an early determination by the trial judge of the kind of contempt in order to control the course of the hearing. An early determination enables the court to "determine whether the requisite notice requirements have been satisfied, whether a trial by jury will be required, and whether, in appropriate cases, counsel must be appointed." *See Richmond Black Police Officers v. City of Richmond, VA,* 548 F.2d 123, 126 (4th Cir.1977) (hereinafter *"Black Officers"*).

In this case, it is obvious that the proceeding is best characterized as criminal contempt. Any punishment imposed on Jessen will be for his refusal to comply with the subpoena duces tecum. The sanctions imposed for violating the order will not be coercive since the case is over. Thus, the Court is attempting to uphold the integrity of its orders, to punish a flagrant violation of an order, and hopefully to deter future violations.

■■■ Rule 42(b) requires the Court to place Jessen on notice that he is being charged with criminal contempt and to describe the essential facts constituting the criminal contempt. In its notice of March 6, 1990 and April 16, 1990, the Court stated the matter was before it on the Government's application "for an order to show cause why Lee T. Jessen should not be held in *criminal* contempt by the Court." (Em-

phasis in original). *See Moore's* at 42–44 (notice is required to describe the offense as "criminal contempt.") Moreover, the Court cited Rule 42(b) in pertinent part. The Court also described how Jessen failed to appear before the Court with the subpoenaed items despite admitting on the stand that he had those items in his home's den.[1] Therefore, the Court has complied with the notice provisions of Rule 42(b).

**B. Right to Counsel.**

■■ An indigent criminal defendant is entitled to assistance of counsel unless he makes a knowing and intelligent waiver regardless of whether the offense is a felony or misdemeanor and without regard to whether the offense is deemed to be "petty" or "serious," if a term of imprisonment is imposed. *See Black Officers,* 548 F.2d at 128 (citing *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972)). Since criminal contempt is a crime in the "ordinary sense," the Fourth Circuit has held that an indigent defendant in a criminal contempt proceeding is entitled to have counsel appointed to represent him. *Id.* at 128.

■■ Failure of the district court to inform an indigent defendant of his right to counsel from the outset of a criminal contempt proceeding constitutes reversible error. *See United States v. Johnson,* 659 F.2d 415, 417 (4th Cir.1981); *but see In re Di Bella,* 518 F.2d 955, 959 (2d Cir.1975) (brief absence of counsel during reading of grand jury minutes in which defendant was required to "stand alone" was harmless error—deprivation of counsel must be significant.) It is not sufficient for the court to merely ask a defendant if he wants an attorney. *Johnson,* 659 F.2d at 417. Instead, the court must determine whether a defendant's waiver of counsel is knowing and voluntary. *Id.* at 418. Therefore, the Court must conduct a thorough inquiry into any attempt by a defendant to waive his right to counsel. *Id.*

---

**1.** Intentional failure to comply with a subpoena duces tecum is grounds for a contempt proceeding pursuant to 18 U.S.C. § 401(3) as disobedience or resistance to the Court's lawful process. *See Nilva v. United States,* 352 U.S. 385, 77 S.Ct. 431, 1 L.Ed.2d 415 (1957) (failure of corporation to produce records in its control when requested by subpoena constituted criminal contempt); *cf. Beebe v. Auslander,* 629 F.2d 985 (4th Cir. 1980) (intentional failure to answer interrogatories was sufficient grounds for finding Defendant guilty of criminal contempt.)

Jessen appeared at the hearing with retained counsel. Therefore, the Court did not believe it necessary to notify Jessen of his right to counsel.

## C. Right to a Jury Trial.

■ The United States Supreme Court has found that a person is not entitled to a jury trial in a criminal contempt proceeding where the term of imprisonment is six months or less. *Sheff v. Schnackenberg*, 384 U.S. 373, 86 S.Ct. 1523, 16 L.Ed.2d 629 (1966). However, a criminal contempt conviction must be reversed where the term of imprisonment is greater than six months and the defendant was not afforded a jury trial. *See Bloom v. Illinois*, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968). The Supreme Court has not yet addressed the question whether a criminal contempt defendant who receives a fine but no term of imprisonment is entitled to a jury trial. *See Moore's* at 42–30. However, it can be safely said that a defendant subject to a fine of $5,000.00 or less unaccompanied by imprisonment cannot demand a jury trial. *Id.* at 42–31; *see also* 18 U.S.C. § 1(3) (defining petty offense as penalty that does not exceed six months imprisonment or a fine greater than $5,000.00 for an individual).

The Fourth Circuit has also held that a defendant has a right to a trial by jury based upon constitutional principles where the penalty actually imposed elevates the contempt from "petty" to "serious." *See Black Officers*, 548 F.2d at 127. However, if the prosecuting attorney and/or court indicates the fine assessed will not exceed $5,000.00,[2] or the sentence imposed will not exceed a term of imprisonment of six months, the defendant is not entitled to demand a trial by jury. *Id.* at 128; *see also In re Carmaco, Inc.*, 103 B.R. 113 (W.D.N. C.1989) (Voorhees, J.) (citing this Court's order of July 13, 1988 in which Judge Potter held that a criminal contempt defendant is not entitled to jury trial for a petty offense.)

At the hearing, the Court indicated that it would not impose a sentence in excess of 6 months imprisonment or a fine greater than $5,000. Accordingly, the Court treated the matter as a petty offense and notified Jessen that he was not entitled to a jury trial.

## D. Requisite Intent.

Punishment for criminal contempt under 18 U.S.C. § 401 requires proof beyond a reasonable doubt, not only of the act, but of a wrongful state of mind. *Johnson*, 659 F.2d at 419. The standard of criminal intent enunciated by the Fourth Circuit is "that a person 'willfully, contumaciously, intentionally, with a wrong state of mind, violated a decree which was definite, clear, specific, and left no doubt or uncertainty in the mind of those to whom it was addressed.'" *See Johnson*, 659 F.2d at 419 (citing *Black Officers*, 548 F.2d at 129) (citations omitted). A more recent Fourth Circuit case has stated "the element of criminal intent is necessary (for) a contempt conviction ... defined ... as 'a volitional act done by one who knows or should reasonably be aware that his conduct is wrongful' ...". *See United States v. Warlick*, 742 F.2d 113, 117 (4th Cir.1984).

The requisite intent to violate a court order is often the most difficult element to prove in a criminal contempt hearing. The Court in *United States v. Johnson* reversed the trial court's guilty verdict against the defendant who did not make court-ordered payments because he was financially unable to do so. The Fourth Circuit summarized the defendant's intent as follows:

Johnson's testimony conveys a good faith attempt to comply with the court's order and does not show that he acted "willfully, contumaciously, intentionally, [and] with a wrongful state of mind." Accordingly we find Johnson's conviction not supported by substantial evidence.

*Johnson*, 659 F.2d at 419–20; *see also Black Officers*, 548 F.2d at 129 (finding that good faith effort toward compliance required that criminal contempt conviction be vacated); *but see Warlick*, 742 F.2d at

---

**2.** The Fourth Circuit in *Black Officers*, 548 F.2d at 128 refers to the amount of a fine for a petty offense as being less than $500.00. However, 18 U.S.C. § 1(3) as amended has raised the fine of a petty offense to less than $5,000.00.

117 (holding that evidence amply supported finding that defendant knew his conduct was wrong and forbidden); *United States v. Marx*, 553 F.2d 874, 876 (4th Cir.1977) (negligent failure to appear in court supported a finding of criminal contempt).

■ At the hearing, it became immediately apparent that Jessen was served in the Courthouse with the subpoena shortly before he testified. Moreover, testimony was elicited that indicated Jessen lived in Salisbury, North Carolina which is at least 50 miles from the Courthouse. Although it was clear that Jessen had continually evaded the service, the Court concluded that he did not have notice to produce the documents until shortly before testifying. Accordingly, the Court was unable to find that Jessen had disobeyed or resisted the Court's "lawful writ, process, order, rule, decree or command." *See* 18 U.S.C. § 401(3). Because punishment for criminal contempt requires proof beyond a reasonable doubt, the Government's Application must be dismissed.

### IV. ORDER

NOW, THEREFORE, IT IS ORDERED that the Government's Application for an order that Lee T. Jessen be held in contempt be, and hereby is, DISMISSED WITH PREJUDICE.