**Pablo CARREON, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 77–2143.**

United States Court of Appeals, Seventh Circuit.

Argued April 27, 1978.

Decided June 14, 1978.

---

Allan A. Ackerman, Chicago, Ill., for petitioner-appellant.

Alfred C. Moran, Asst. U. S. Atty., Chicago, Ill., for respondent-appellee.

Before CUMMINGS and TONE, Circuit Judges, and MILLER, Associate Judge.*

TONE, Circuit Judge.

This petition under 28 U.S.C. § 2255 raises the question of whether petitioner's plea of guilty was voluntary in the face of the court's failure to inquire in detail concerning the factual basis for the plea and thus to discover and explain to petitioner a potential entrapment defense. The District Court denied relief. We reverse.

In 1976 a nine-count indictment was returned against petitioner for distribution of heroin in violation of 21 U.S.C. § 841(a)(1). Represented by retained counsel, petitioner initially pleaded not guilty and then moved to change his plea to Counts VII and VIII of the indictment pursuant to a plea agreement calling for dismissal of the other counts upon acceptance of the guilty plea to the two counts.

## The Guilty Plea

The motion for change of plea was initially presented to a judge other than the one to whose calendar the case was assigned. Because petitioner could not speak English, the communications between him and the judge proceeded through an interpreter. After hearing petitioner's story, the judge concluded that there was "at least a factual

* The Honorable Jack R. Miller, Associate Judge of the United States Court of Customs and Patent Appeals, sitting by designation.

question as to whether the defendant is not guilty by reason of entrapment," declined to accept the plea, and continued the matter for hearing before the judge to whose calendar the case was assigned.

The following day petitioner and his counsel, with an interpreter, appeared before the latter judge in a renewed effort to submit his guilty plea. At the hearing on that day nothing was said about entrapment. The record is not clear as to how fully the judge was informed of what had occurred the previous day, but he apparently knew that the plea had been tendered and refused. Petitioner's counsel stated,

I spent extensive hours with this man [petitioner], explained to him the various defenses that may be raised in this case, and the possibility that those defenses are non-existent, the possibility of other charges being brought before this court; and Mr. Carreon has been well aware of that for some time . . .. He intended to plead guilty [the previous day] . . and as long as 20 minutes ago—the last time I spoke to him—it was still his desire, Judge.

At the ensuing plea hearing the judge read Counts VII and VIII and asked petitioner whether he had committed "those crimes" to which the response was "Yes, sir." Nothing was said about the underlying facts.

### The § 2255 Petition

In his petition under § 2255, petitioner alleged facts from which a trier of fact could conceivably have found entrapment, and further alleged that when he appeared before the second judge he

did not then understand that if in fact he had been entrapped that he could plead not guilty and have a trial on the issue of whether Maria Hernandez [who allegedly was acting on behalf of the government in entrapping Carreon] had in fact entrapped your petitioner.

He further alleged,

At no time was it ever explained to your petitioner that the defense of entrapment could be asserted if the facts warranted such. When appearing before [the second judge], your petitioner wanted to explain the circumstances to the Court but no such opportunity was ever presented.

### The Factual-Basis Requirement

The factual-basis requirement appears in Rule 11(f), Fed.R.Crim.P., which provides as follows:

Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea.

The rule also requires that the "verbatim record of the proceedings at which the defendant enters a plea . . . of guilty . . . shall include . . . the inquiry into the accuracy of a guilty plea." Rule 11(g). In addition, the rule contemplates that the court "may ask [the defendant] questions about the offense to which he has pleaded . . . ." Rule 11(c)(5).

In the words of the Advisory Committee, the judge must determine "that the conduct defendant admits constitutes the offense . . . to which [he] has pleaded guilty," a requirement designed to "protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within that charge." The Supreme Court quoted this language from the Committee's Notes with approval in *McCarthy v. United States*, 394 U.S. 459, 467, 89 S.Ct. 1166, 1171, 22 L.Ed.2d 418 (1968).

■ We believe the factual-basis requirement of Rule 11 was not satisfied here. Under the circumstances it was not enough merely to rely on defense counsel's statement that his client had been informed about possible defenses, to read the charges from the indictment, to ask the defendant whether he had committed the crime charged, and to stop after receiving an affirmative answer to that question. Rule 11 requires that the judge "develop, *on the record*, the factual basis for the plea, as, for

example, by having the accused describe the conduct that gave rise to the charge." *Santobello v. New York*, 404 U.S. 257, 261, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971) (footnote omitted; emphasis in original); *Rizzo v. United States*, 516 F.2d 789, 793 (2d Cir. 1975). There was a special need for meticulous compliance with the factual-basis requirement when another judge of the court had concluded, after hearing petitioner's story, that if petitioner spoke the truth the defense of entrapment was possibly available. The judge who conducted the plea hearing the following day was chargeable, as a member of the same court, with knowledge of what had occurred the day before, and it was the duty of the prosecutor and defense counsel to make sure he was fully advised. Given this knowledge, the court was "confronted with a danger signal" and was required to "be especially careful in discharging [its] duties under Rule 11." *United States v. Davis*, 516 F.2d 574, 578 (7th Cir. 1975). (The first five words quoted were quoted in *Davis* from *United States v. Gaskins*, 158 U.S.App.D.C. 267, 300, 485 F.2d 1046, 1049 (1976).) *Cf. United States v. Price*, 538 F.2d 722 (5th Cir. 1976).

*Voluntariness*

■ This being a collateral attack under 28 U.S.C. § 2255, it is not enough to show merely a failure to comply with Rule 11. Relief is available only for an error of law that is jurisdictional, constitutional, or constitutes a "fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346, 94 S.Ct. 2298, 2305, 41 L.Ed.2d 109 (1974); *Bachner v. United States*, 517 F.2d 589, 592–593 (7th Cir. 1975); *Gates v. United States*, 515 F.2d 73, 76–77 (7th Cir. 1975).

When the factual-basis requirement is not satisfied, however, the question of voluntariness is left open. In explaining the reason for the requirement, the Court said in *McCarthy*,

if a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void. Moreover, because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts.

394 U.S. at 466, 89 S.Ct. at 1170 (footnotes omitted).

Although *McCarthy* involved a direct appeal from the judgment of conviction, the Court's reasons for allowing the defendant to replead are relevant in considering the relief that is appropriate in a collateral review under § 2255. The Court pointed out that merely ordering a voluntariness hearing is likely to be an ineffectual means of assuring that the defendant's rights were protected when the plea was taken, inasmuch as the defendant's subjective state of mind is crucial and his proof is likely to be "limited to his own plaintive allegations." 394 U.S. at 469, 89 S.Ct. at 1172. The Court also said (quoting from *Heiden v. United States*, 353 F.2d 53, 55 (9th Cir. 1965)),

Rule 11 is designed to eliminate any need to resort to a later fact-finding proceeding "in this highly subjective area." The Rule "contemplates that disputes as to the understanding of the defendant and the voluntariness of his action are to be eliminated at the outset . . . ."

. . . There is no adequate substitute for demonstrating *in the record at the time the plea is entered* the defendant's understanding of the nature of the charge against him.

394 U.S. at 469–470, 89 S.Ct. at 1172 (citations omitted; emphasis in original).

We think that the reasoning of *McCarthy* requires us, even on this collateral review, to order that the judgment of conviction be vacated and that defendant be allowed to withdraw his plea of guilty and replead. We note that the Second Circuit granted that relief under similar circumstances in *Rizzo v. United States, supra*, 516 F.2d at 794.

We take this occasion to address all the district judges in the circuit on the subject of Rule 11. Increasingly we are called upon to determine whether there has been compliance with that rule in cases that typically

concern the factual basis for the plea or the maximum possible penalty. If the rule's explicit requirements are observed, issues such as these will not arise to occupy the time of the district courts and this court. District judges should occasionally remind themselves of the Supreme Court's admonitions in *McCarthy*:

First, although the procedure embodied in Rule 11 has not been held to be constitutionally mandated, it is designed to assist the district judge in making the constitutionally required determination that a defendant's guilty plea is truly voluntary. Second, the Rule is intended to produce a complete record at the time the plea is entered of the factors relevant to this voluntariness determination. Thus, the more meticulously the Rule is adhered to, the more it tends to discourage, or at least to enable more expeditious disposition of, the numerous and often frivolous post-conviction attacks on the constitutional validity of guilty pleas.

. . . . .

To the extent that the district judge thus [as stated in the Advisory Committee Note quoted above] exposes the defendant's state of mind on the record through personal interrogation, he not only facilitates his own determination of a guilty plea's voluntariness, but he also facilitates that determination in any subsequent post-conviction proceeding based upon a claim that the plea was involuntary. Both of these goals are undermined in proportion to the degree the district judge resorts to "assumptions" not based upon recorded responses to his inquiries.

394 U.S. at 465, 467, 89 S.Ct. at 1170, 1171 (footnotes omitted).

The judgment is reversed and the case is remanded to the District Court for proceedings consistent with this opinion.