**STATE of South Dakota, Plaintiff and Appellee,**

v.

**James H. PARKER, Defendant and Appellant.**

**No. 16510.**

Supreme Court of South Dakota.

Considered on Briefs May 26, 1989.

Decided July 19, 1989.

R. Shawn Tornow, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Roger A. Tellinghuisen, Atty. Gen., Pierre, on brief.

Craig M. Johnson, Office of Public Defender, Rapid City, for defendant and appellant.

PER CURIAM.

## ACTION

James H. Parker (Parker) appeals his conviction of third offense driving or physical control of a vehicle while under the influence of alcohol (DWI). We reverse and remand.

## FACTS

Parker was arrested for DWI by a Pennington County Deputy Sheriff. At the time of the arrest, the deputy failed to read Parker the so-called "implied consent warnings" contained in SDCL 32–23–10.[1]

After making the arrest, the deputy took Parker to the Pennington County jail

---

**3.** *See Roden v. Solem,* 431 N.W.2d 665, 671 (S.D.1988); *Champagne, supra* at 844; *see also State v. Klein,* 444 N.W.2d 16, —— (S.D.1989).

**1.** At the time of Parker's arrest, SDCL 32–23–10 (Supp.1988) provided:

Any person who operates any vehicle in this state is considered to have given his consent

to a chemical analysis of his blood, breath or other bodily substance to determine the amount of alcohol in his blood, as provided in § 32–23–7, and to determine the presence of marijuana or any controlled drug or substance, provided that the test is administered at the direction of a law enforcement officer

where a sample of his blood was drawn by a certified medical technologist. Several jailers had to physically restrain Parker so that the sample could be taken and he only submitted after the technologist advised him that if he struggled the needle could break off in his arm. Later analysis of the blood sample revealed a blood alcohol content of 0.25 percent.

Parker was subsequently charged with one count of driving or physical control of a vehicle while under the influence of alcohol (SDCL 32–23–1(2)), an alternative count of driving or physical control of a vehicle while having 0.10 percent or more by weight of alcohol in his blood (SDCL 32–23–1(1)) and one count of driving with a revoked license (SDCL 32–23–5). A Part II information was also filed charging Parker with felony, third offense DWI (SDCL 32–23–4).

Prior to trial, Parker moved to suppress the blood test results due to the arresting officer's failure to advise him of the implied consent warnings. The trial court denied the motion. Parker renewed his motion to suppress at trial. The motion was again denied and the test results admitted.

During settlement of jury instructions, Parker objected to instruction no. 17 which set forth the statutory presumptions under SDCL 32–23–7[2] relating to blood alcohol content and the extent of a person's intoxication. The instruction essentially followed the language of SDCL 32–23–7. The basis for Parker's objection was again the arresting officer's failure to read the implied consent warnings. Parker's objection was overruled and the instruction was given.

Parker was found guilty of one count of driving or control of a vehicle while under the influence of alcohol (SDCL 32–23–1(2)). In exchange for Parker's guilty plea to the Part II information, state dismissed the charge of driving with a revoked license. Judgment and sentence were entered and this appeal followed.

## ISSUE

Whether the trial court committed reversible error in admitting the results of Parker's blood test into evidence and in giving the jury instruction on the evidentiary presumptions relating to the blood test results?

## DECISION

In *Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966) the United States Supreme Court held that:

having lawfully arrested the person for a violation of § 32–23–1.

The person shall be requested by the officer to submit to the analysis and shall be advised by the officer that:

(1) If he refuses to submit to the chemical analysis, none may be required, unless he has been arrested for a third violation of § 32–23–1, constituting a felony offense under § 32–23–4;

(2) If he refuses to submit to the chemical analysis, his driver's license shall be revoked for one year, unless pursuant to § 32–23–11.1 he pleads guilty to a violation of § 32–23–1 prior to a revocation order being issued; and

(3) He has the right to have a chemical analysis performed by a technician of his own choosing at his own expense, in addition to the test requested by the officer.

2. SDCL 32–23–7 provides:

In any criminal prosecution for a violation of § 32–23–1 relating to driving a vehicle while under the influence of intoxicating liquor, or a violation of § 22–16–41, the amount of alcohol in the defendant's blood at the time alleged as shown by chemical analysis of the defendant's blood, breath, or other bodily substance shall give rise to the following presumptions:

(1) If there was at that time five hundredths percent or less by weight of alcohol in the defendant's blood, it shall be presumed that the defendant was not under the influence of intoxicating liquor;

(2) If there was at that time in excess of five hundredths percent but less than ten hundredths percent by weight of alcohol in the defendant's blood, such fact shall not give rise to any presumption that the defendant was or was not under the influence of intoxicating liquor, but such fact may be considered with other competent evidence in determining the guilt or innocence of the defendant;

(3) If there was at that time ten hundredths percent or more by weight of alcohol in the defendant's blood, it shall be presumed that the defendant was under the influence of intoxicating liquor.

Percent by weight of alcohol in the blood shall be based upon milligrams of alcohol per 1.0 cubic centimeters of whole blood or 2100 cubic centimeters of deep lung breath.

[B]odily substance samples [are] not subject to the exclusionary rule under the Fourth Amendment if they are taken (1) incident to a lawful arrest, (2) by a reliable and accepted method of obtaining such sample, (3) in a reasonable, medically approved manner, and (4) where there is probable cause to believe that the evidence sought exists.[3] It also held that the elimination of alcohol by natural bodily functions presents exigent circumstances which obviate the necessity of obtaining a search warrant.

*State v. Hartman,* 256 N.W.2d 131, 134 (1977) (footnotes omitted) *citing Schmerber, supra.*

Despite inapplicability of the exclusionary rule to bodily substance samples, the legislature enacted the implied consent statutes to, "extend to the operators of motor vehicles a right beyond those embodied within the Fourth Amendment or Art. VI, § 11, South Dakota Constitution, i.e., the right to refuse to submit to a chemical test of their bodily substances for a determination of blood alcohol content." *Hartman,* 256 N.W.2d at 135. Nevertheless, the legislature continued to encourage drivers to submit to chemical tests by requiring them to forfeit their driving privileges by exercising their right of refusal. *See* SDCL 32–23–10(2); SDCL 32–23–11.

The implied consent law is primarily set forth in SDCL 32–23–10 (Supp.1988) which requires a law enforcement officer when arresting a person for DWI to inform that person of his right to refuse chemical analysis of his bodily substances, the consequences of a refusal, and his right to have an analysis performed by a technician of his own choosing at his own expense, in addition to the required test. In *State v. Buckingham,* 90 S.D. 198, 240 N.W.2d 84 (1976) we held that breath and blood test results were inadmissible in a DWI prosecution where it is shown that the arresting officer has failed to comply with the implied consent statutes. *Id.*

Our holding in *Buckingham* was reconsidered in *Hartman, supra,* where we observed that, "the implied consent statutes within themselves provide a sufficient deterrent to violation of the implied consent statutes by police officers without excluding this highly probative evidence." *Id.* at 135. This deterrent exists in (1) state's loss of the right to revoke the driver's license of anyone refusing chemical analysis without knowledge of the implied consent statutes and (2) state's forfeiture of the benefit of the statutory presumptions of SDCL 32–23–7. *Hartman, supra; State v. Big Head,* 363 N.W.2d 556 (S.D.1985). However, we also noted in *Hartman* that this deterrent effect is not present in DWI prosecutions under SDCL 32–23–1(1) (driving with 0.10 percent or more by weight of alcohol in the blood) and that the exclusionary rule may be needed in those prosecutions if the implied consent statutes have not been complied with. These rules have been followed since *Hartman* in penalizing law enforcement noncompliance with the implied consent statutes. *See e.g. Big Head, supra.*

During the 1988 legislative session, SDCL 32–23–10(1) was amended to omit the right to refuse to submit to a chemical analysis of bodily substances if a person is being arrested for a third DWI. 1988 S.D. Laws ch. 265. In response to this amendment, the Pennington County Sheriff's Office apparently adopted a policy that persons arrested for a third DWI need not be advised of the implied consent warnings. It was due to this new policy that the deputy arresting Parker failed to read him the implied consent warnings.

■ The policy of the sheriff's office and the resultant actions of the deputy in this case were in error. Notwithstanding the 1988 amendment, SDCL 32–23–10 (Supp. 1988) continued to mandate that a law enforcement officer arresting a person for DWI *"shall"* give the warnings outlined in that provision. SDCL 32–23–10 (Supp. 1988) (emphasis added). Moreover, the amendment merely omitted the right of a person arrested for a third DWI to refuse to submit to a chemical test. It did not

---

3. The trial court found these factors present in the instant case and admitted Parker's blood test results into evidence under the authority of *Schmerber.*

remove the right to have an additional chemical analysis of bodily substances performed by a technician of one's own choosing at his own expense. SDCL 32–23–10(3). The doctrine of substantial compliance adopted by this court with reference to the implied consent statutes requires that persons be advised of this important right. *See State v. Bunnell,* 324 N.W.2d 418 (S.D.1982) (officer failed to substantially comply with requirements of SDCL 32–23–10 when he failed to advise the defendant of the consequences of a refusal to take the test). We hold, therefore, that the sanctions outlined in *Hartman* for law enforcement noncompliance with the implied consent statutes continue to apply even after the 1988 amendment of SDCL 32–23–10.

■ Therefore, since Parker was charged with violation of SDCL 32–23–1(1) (driving or control of a vehicle while having 0.10 percent or more of alcohol in the blood) we hold that it was reversible error for the trial court to admit Parker's blood test results into evidence. We further hold that it was reversible error for the trial court to give jury instruction no. 17 on the statutory presumptions of SDCL 32–23–7.

State urges that we observe a "good faith exception" to application of the exclusionary rule in this case because the deputy's failure to read the implied consent warnings was in good faith reliance on the 1988 amendment of SDCL 32–23–10. We decline to do so.

Reversed and remanded.