STATE of South Dakota, Plaintiff
and Appellant,

v.

Jerold J. HEINRICH, Defendant
and Appellee.

No. 16530.

Supreme Court of South Dakota.

Argued Sept. 13, 1989.

Decided Dec. 6, 1989.

Rehearing Denied Jan. 11, 1990.

Jeffrey P. Hallem, Asst. Atty. Gen., Pierre, for plaintiff and appellant; Roger A. Tellinghuisen, Atty. Gen., Pierre, on brief.

Lee D. Anderson of Stiles, Anderson & Swank, Mitchell, for defendant and appellee.

SABERS, Justice.

State appeals from a trial court order that declared SDCL 32–23–10 unconstitutional and suppressed the test results of a blood sample taken from Defendant, Jerold J. Heinrich.

### Facts

On August 17, 1988, South Dakota Highway Patrol Trooper Jeff Lanning observed Heinrich's vehicle weave off the edge of the road and then cross the center line. Lanning stopped Heinrich's vehicle. After observing Heinrich and conducting field sobriety tests, Lanning placed Heinrich under arrest for driving while under the influence of an alcoholic beverage in violation of SDCL 32–23–1.[1] Lanning then requested a records check through State Radio Communications and was informed that Heinrich had two prior convictions in the last five years for driving while under the influence. As a result, Heinrich was not given the option of refusing the blood test because Lanning received information that Heinrich was being arrested for a third violation of SDCL 32–23–1, and SDCL 32–23–10 revokes the right to refuse to submit to a blood alcohol test after two violations of SDCL 32–23–1.[2] Lanning did read the standard implied consent card to Heinrich,

however, and informed him of his implied consent rights.

Lanning took Heinrich to a local hospital where a sample of Heinrich's blood was obtained, showing a blood alcohol concentration of .293 percent by weight. Heinrich was subsequently charged with a violation of SDCL 32–23–1(1), driving with .10 percent, or more, by weight of alcohol in the blood, and a violation of SDCL 32–23–1(2), driving while under the influence of an alcoholic beverage. He was also charged under the penalty enhancement provision of SDCL 32–23–4.

Heinrich moved to suppress the blood test results, claiming that the non-consensual taking of his blood violated his constitutional rights. The trial court granted the motion and suppressed the test results, concluding that SDCL 32–23–10 was unconstitutional because it violated the separation of powers doctrine. The trial court reasoned that the statute required a trooper to make a final decision regarding the validity of prior convictions, and such a decision is properly a judicial determination. The trial court concluded that such a situation "improperly vests judicial power in an executive officer, which is clearly forbidden under the separation of powers doctrine." State appeals following our order permitting an appeal from an intermediate order. We reverse and remand for trial.

### Decision

■ A state may force an individual suspected of driving while intoxicated to submit to a blood alcohol test. *Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966); *see also South Dakota v. Neville*, 459 U.S. 553, 103 S.Ct. 916,

---

1. SDCL 32–23–1 provides, in part:

   A person may not drive or be in actual physical control of any vehicle while:
   (1) There is 0.10 percent or more by weight of alcohol in his blood as shown by chemical analysis of his breath, blood or other bodily substance;
   (2) Under the influence of an alcoholic beverage[.]

2. SDCL 32–23–10 provides, in part:

   The person shall be requested by the officer to submit to the withdrawal of blood or other bodily substance for chemical analysis or chemical analysis of his breath and shall be advised by the officer that:
   (1) If he refuses to submit to the withdrawal or chemical analysis, no withdrawal or chemical analysis may be required, unless he has been arrested for a third violation of § 32–23–1, constituting a felony offense under § 32–23–4[.]

74 L.Ed.2d 748 (1983). Withdrawal of a blood sample for such a test may be required provided it is 1) incident to a lawful arrest, 2) taken by a reliable and accepted method, 3) in a medically approved, reasonable manner, and 4) with probable cause to believe the evidence sought exists. *Id.* In spite of the power to require a blood alcohol test, the South Dakota Legislature has decided to grant its citizens the option to refuse to submit to such a test, unless they have been convicted twice in the last five years for driving while under the influence. *See* SDCL 32–23–10; *State v. Hartman,* 256 N.W.2d 131 (S.D.1977). Once an individual has been convicted twice for a violation of SDCL 32–23–1, a trooper is only required to inform an arrested person of the warnings outlined in SDCL 32–23–10, and the result of a compulsory blood alcohol test is admissible. *See State v. Parker,* 444 N.W.2d 42 (S.D.1989). Since Trooper Lanning followed the proper procedure, admission of the blood alcohol test result would be in accord with *Schmerber* and *Hartman.*

■ Heinrich contends that in spite of the correct procedure his blood alcohol test was improper due to the unconstitutionality of SDCL 32–23–10. According to Heinrich, the statute improperly delegates judicial powers to an executive officer in violation of the separation of powers doctrine. When the constitutionality of a statute is challenged, this court will uphold the statute unless its unconstitutionality is shown beyond a reasonable doubt. *State v. Big Head,* 363 N.W.2d 556 (S.D.1985). Heinrich has not shown SDCL 32–23–10 to be unconstitutional beyond a reasonable doubt.

A trooper's initial determination that an individual is being arrested for a third violation of SDCL 32–23–1 is not an exercise of "unreviewable judicial power," as stated by the trial court, but instead is a proper executive function. The trooper is merely making a preliminary determination as to whether an individual is entitled to the statutory grant of the right to refuse to submit to a blood alcohol test. This determination is simply a preliminary judgment

necessary to enforce the statute. It is not a final and binding judicial determination. The trial court is not bound to accept the determination made by the trooper. If the court determines that either of the prior two convictions are invalid, then it may treat the result of the blood alcohol test the same way it would treat any improperly procured blood alcohol test result. No matter what determination the trooper makes about prior convictions, the trial judge ultimately decides what evidence will be admitted.

■ When executing and enforcing the law, it is necessary for a trooper to form judgments and interpret the law. Such conduct does not invade the power of the judicial branch because these decisions by the trooper are preliminary and are not binding upon the judiciary. In such a situation the trooper's conduct cannot be considered the execution of judicial power. *See City of Cedar Falls v. Flett,* 330 N.W.2d 251 (Iowa 1983).

■ Heinrich also contends that SDCL 32–23–10 violates his equal protection rights under the United States and South Dakota Constitutions because the statute treats third-time offenders different than first or second-time offenders. We find this argument unpersuasive. If a statutory classification relates to a proper governmental purpose, it will be upheld. *McGowan v. State of Maryland,* 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961). Limiting the statutory privilege to refuse to submit to a blood alcohol test is rationally related to the State's proper interest in protecting its citizens from drunk drivers. Therefore, SDCL 32–23–10 does not violate equal protection rights. Nor, by the same reasoning, does it violate the due process clauses of the constitutions of the United States or the state of South Dakota. "If a regulation is reasonable in relation to its subject and adopted in the interests of the community, it does not violate substantive due process." *Woods v. Holy Cross Hospital,* 591 F.2d 1164, 1176 (5th Cir.1979) (citing *West Coast Hotel Co. v. Parrish,* 300 U.S. 379, 57 S.Ct. 578, 81 L.Ed. 703 (1937)).

WUEST, C.J., and MORGAN and MILLER, JJ., concur.

HENDERSON, J., dissents.

HENDERSON, Justice (dissenting).

Although citing *Parker*, its true holding and the reversal therein, due to the officer failing to read the consent law, is hidden from the reader in this decision, thereby blunting the requirement of an officer to read to an arrested defendant—his right to have an additional analysis by a technician of his own choosing at his own expense. *Parker* was handed down since this case was briefed and filed.

Defendant here, although read his implied consent "rights" through a reading of the Implied Consent card, was then denied his "rights" as he was not given a chance or opportunity to refuse because: The Officer determined, based upon a radio call, that the two prior convictions were within the five year period required under SDCL 32–23–4.1; and further, that the convictions were good ones in law, or as lawyers would put it, constitutionally firm. These assumptions, on the part of the arresting officer, were without any type of proof. A radio call is not proof of any kind of a conviction; it is a transmission, not proof in a courtroom with a judge as a neutral arbiter.

Concerning the Implied Consent Warning card, read to the defendant, everything was read, with the exception of item number 8 on the card which is a statement containing certain advice. This advice is: "Do you wish to submit to the chemical test that I have requested?" This officer, pursuant to instructions of his superiors, purposely deleted question number 8 for the reason that his superiors told him that he did not have to do so if the defendant was arrested for a third offense DWI (more properly designated DUI). So, based upon an administrative agency, within the executive branch of government, a legal interpretation was made which empowered one of its agents to make a legal determination out on the highway.

I believe that Judge Hertz is right and the South Dakota Supreme Court is wrong.

Accordingly, I cannot approve of the rationale of the majority opinion.

My reasoning is quite basic: SDCL 32–23–10, as amended by our State Legislature in 1988, is unconstitutional. It attempts to change a law enforcement officer, out on the highway, into a judge. This statute is extremely unique in the United States. In fact, I am unable to discover, by research, any statute similar to it and it appears to be a novelty in law. Our State Legislature has placed an unconstitutional quirk in the Implied Consent Statute.

This statute, as amended, is constitutionally infirm as it conflicts with the separation of powers doctrine. This statute, in essence, requires an arresting officer to conjecture on the validity of prior convictions. Suffice it to say, that is not his job. In testimony, before the trial court, these questions were asked and these answers were given:

Question: Did you read him any rights, Officer?

Answer: I read him the Implied Consent card.

Question: What did the defendant respond?

Answer: I didn't give him a chance to refuse since it was a third offense.

It is extremely important to note that the defendant has challenged the validity of at least one of the prior DWI convictions as alleged in the Supplemental Information. Apparently, this motion has never been ruled on by the trial court. The legislature cannot delegate judicial powers to an administrative or executive body. 16 C.J.S. Constitutional Law § 222. Executive officers and their agents serving under them cannot be vested with judicial power based upon a belief that efficiency and convenience in the administration of a statute will be promoted thereby. *In re Opinion Of The Justices*, 87 N.H. 492, 179 A. 357 (1935).

We must maintain the independence of the judiciary from executive or legislative control. We cannot submit to a mingling of governmental power. In *Application of Nelson*, 83 S.D. 611, 163 N.W.2d 533 (1968). "The absolute independence of the judi-

ciary from executive or legislative control is of transcendent import". *Id.*, 537.

This officer testified that based upon a radio call from the records office that the defendant had two prior convictions and he then determined that defendant had no right of refusal and in effect could forcibly be taken to a medical center for the administration of a blood test. This same officer testified that it was "his belief" that the two prior convictions were within the five year period required by SDCL 32–23–4.1. Ladies and gentlemen of the Bar and Bench, only our courts of law may determine the validity of convictions and not a member of a law enforcement agency out on the highway—during the heat of the day—or in the black of the night. Let us preserve the separation of powers so that a vigilant and independent judiciary may always be at the door of justice to protect the liberty of our citizens.