599 A.2d 828

**Marvin PARREN**

v.

**STATE of Maryland.**

**James BROWN**

v.

**STATE of Maryland.**

**Nos. 141 and 142, Sept. Term, 1991.**

Court of Special Appeals of Maryland.

Dec. 26, 1991.

George E. Burns, Jr., Asst. Public Defender (Stephen E. Harris, Public Defender, on the brief), Baltimore, for appellants.

Diane Keller, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Mary Ellen Barbera, Asst. Atty. Gen. and Stuart O. Simms, State's Atty. for Baltimore City, on the brief), Baltimore, for appellee.

Argued before WILNER, C.J., and MOYLAN and BLOOM, JJ.

MOYLAN, Judge.

The appellant, Marvin Parren, was originally tried and convicted by a Baltimore City jury on March 18, 1985, of assault with intent to murder and other related charges. The Court of Appeals reversed the convictions. 309 Md. 260, 523 A.2d 597. Upon his retrial on July 28, 1987, he entered a guilty plea to the charges. He subsequently filed a petition seeking post-conviction relief on the ground that

the guilty plea procedure was flawed. On June 5, 1990, following a hearing, his petition was denied.

In the Circuit Court for Baltimore City, on July 1, 1987, the appellant, James Brown, entered a guilty plea to two charges of armed robbery. He petitioned for post-conviction relief on the ground that the guilty plea procedure was flawed. On July 27, 1990, following a hearing, his petition was denied.

Both appellants applied for leave to appeal. In both cases, this Court granted the application for leave to appeal and placed the cases on the regular appeal docket. Because they involve a single legal issue, we now consolidate them for purposes of this opinion.

Both guilty pleas were, we now hold, invalid because of the failure of the court on each occasion to satisfy the strict requirements of Md.Rule 4–242(c), which provides, in pertinent part:

"The court may accept a plea of guilty only after it determines, upon an examination of the defendant on the record in open court conducted by the court, the State's Attorney, the attorney for the defendant, or any combination thereof, that ... (2) there is a factual basis for the plea."

In *State v. Thornton,* 73 Md.App. 247, 533 A.2d 951 (1987), Judge Alpert discussed at some length the requirement that the face of the record reflect, in more than conclusory terms, the factual basis for the plea, pointing out the close relationship between and common provenance of the Maryland Rule and Federal Rule of Criminal Procedure 11. Judge Alpert concluded, at 73 Md.App. at 252, 533 A.2d 951:

"[U]nder both federal and Maryland law, before the court may accept a guilty plea, it must determine on the record ... that a factual basis supports the plea."

The issue that concerns us in this case is the fullness of the factual basis supporting the plea. *State v. Thornton,* at 73 Md.App. 257–258, 533 A.2d 951, quotes with

approval from J.L. Barkai, "Accuracy Inquiry for all Felony And Misdemeanor Pleas; Voluntary Pleas But Innocent Defendants?", 126 U.Pa.L.Rev. 88, in terms of how the factual basis for a plea is placed upon the face of the record and how detailed that factual basis must be:

> "Although the accused is typically interrogated by the judge, some courts allow the defense attorney or the prosecutor to conduct the questioning. The testimony of these attorneys has also been accepted in some states as a source of the factual basis, provided the defendant is present. A prosecutor's testimony usually consists of a summary of the evidence he expects to present at trial. This method of establishing a guilty plea's accuracy has been limited at times, however, by requirements that a prosecutor supply concrete facts rather than merely assert that a factual basis exists, and that the truth of the evidence thus summarized be confirmed by the defendant."

*Thornton* then holds unequivocally, at 73 Md.App. at 258, 533 A.2d 951, that a full "statement of facts is indispensable" and that a mere conclusory statement that a factual basis for the guilty plea exists will not suffice:

> "We conclude that the statement of facts is indispensable to the court's finding of voluntariness on the defendant's part and to the court's own determination that a factual basis supports the guilty plea. We hold that the omission of a statement of facts violates the essence of the due process protections afforded a criminal defendant."

█ In these cases, the requirement that a factual basis for the plea be set forth upon the record was not satisfied. As to the guilty plea proceeding involving Marvin Parren, the following is the full extent of the record in terms of factual basis:

> "The Court: I have the court file which contains the complete transcript of the prior proceedings, all the discovery proceedings, all police reports, all offense reports, statement of charges, lab report, medical evaluation, and

testimony of prior proceedings, sent back to this court from the Court of Special Appeals, all these items being the statement of facts. Are there any additions or corrections from either side?

Mr. Eaton: No additions or corrections.

The Court: Mr. Parren, the court finds a factual basis for the guilty plea, and that the plea is free and voluntary."

There was in that no recitation, even in broad outline, of what the underlying facts were. There was, therefore, no inquiry into whether Parren acknowledged the conduct that constituted the charges against him. This is an indispensable component of the voluntariness and knowledgeability requirements for a valid plea:

"The factual basis inquiry serves a dual purpose. First, an examination of the law and the acts which the defendant admits he committed 'protect[s] a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge.' ... Second, the court's exposure of the defendant's state of mind on the record 'not only facilitates [the judge's] determination of a guilty plea's voluntariness, but ... also facilitates that determination in any subsequent post-conviction proceeding based upon a claim that the plea was involuntary.'" (citation omitted).

*State v. Thornton*, at 73 Md.App. 255, 533 A.2d 951.

■ The factual basis for James Brown's guilty plea was, if anything, even less substantial:

"The Court: The court has the court file, which contains the complete copy of all the statement of charges, all the discovery material. Those items being the statement of facts, are there any additions or corrections from either side?

Mr. Schenker: No, Your Honor.

Mr. Gioia: The defense presents none, Your Honor.

The Court: Mr. Brown, the court finds there is a factual basis for your guilty pleas, that your guilty pleas are your free and voluntary act."

In *State v. Thornton,* we cited with approval *Carreon v. United States,* 578 F.2d 176 (7th Cir.1978). *Carreon* struck down as inadequate a factual basis for a plea that was actually stronger than the one in either of the cases now before us. We observed, at 73 Md.App. at 255–256, 533 A.2d 951:

"The factual basis requirement is inextricably linked to the voluntariness requirement. In *Carreon v. United States,* 578 F.2d 176 (7th Cir.1978), the appellate court found the trial court had violated the factual basis requirement of Rule 11 by relying on counsel's statement that the defendant had been informed about possible defenses. The trial judge did not personally inquire about the underlying facts, but had the charges read from the indictment and asked the defendant only whether he had committed the offenses charged. *Id.* at 178. The appellate court vacated the judgment explaining, 'There is no adequate substitute for demonstrating *in the record at the time the plea is entered* the defendant's understanding of the nature of the charge against him.'" (emphasis in original) (citation omitted).

In *Thornton,* the fatal flaw was that the record was "devoid of any discussion concerning the nature of the charge, the facts of the case, or the defendant's understanding of the relationship between the two." 73 Md.App. at 264, 533 A.2d 951. There was neither a proffer nor a statement by the court with respect to "any facts as to what the State, given the opportunity, would prove." *Id.* That flaw fatally infects the two guilty plea proceedings now before us.

There must be some statement as to the underlying facts which constitute the offense and which the defendant moreover admits. *State v. Thornton* could not have been more clear, at 73 Md.App. at 263, 533 A.2d 951.

"An inquiry may be made of the defendant, of the attorneys, or by whatever means is appropriate in a specific case. The inquiry, however, must be sufficient to develop the underlying facts from which the court will determine whether the conduct which the defendant admitted constituted the offense to which he has pled guilty." (citation omitted).

In both cases, the judgments of the Circuit Court for Baltimore City denying post-conviction relief are reversed. In the case of the appellant James Brown, his second contention alleging that he was not informed of the maximum sentence he might be facing is moot.

In both cases, we deny the motion of the State to dismiss the appeals because of the failure of the appellants to furnish transcripts of the post-conviction hearings. In both cases, the full Memorandum Opinion and Order Denying Post Conviction Relief is before us and there is also before us the full, albeit sparse, proceedings at the times the guilty pleas were offered and received. We have, therefore, everything we need for the full consideration and disposition of these appeals.

JUDGMENTS REVERSED AND CASES REMANDED FOR FURTHER PROCEEDINGS; COSTS TO BE PAID BY MAYOR AND CITY COUNCIL OF BALTIMORE.